UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-20357-CIV-MARTINEZ-BROWN

ORLANO SARTI,

    Plaintiff,

vs.

PROTECTIVE SERVICES, INC., a Florida
Corporation, ARCHIBALDO AROSEMENA,
and ALEYDA BARNFIELD, individually,

    Defendants.
_____ /

## MOTION TO DISMISS

COMES NOW, Defendants PREMIER PROTECTIVE SERVICES, INC., a Florida Corporation, ARCHIBALDO AROSEMENA, and ALEYDA BARNFIELD, individually, by and through the undersigned counsel, and pursuant to F.R.C.P. 12(b), and respectfully file this Motion to Dismiss, and in support thereof would state as follows:

1. This matter is before the Court on Defendant's *Motion to Dismiss* the Complaint.

2. Plaintiff's *Complaint* alleges two Counts, the first for recovery of overtime compensation and the second for conversion.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

3. Count I of Plaintiff's *Complaint* purports to seek damages for himself and "those employees similarly situated" based on Defendants' alleged violations of the Fair Labor Standards Act (hereinafter "FLSA").

4. When relief is sought for a class under the FLSA, a class must be certified pursuant to the Act itself. *Lee v. Mack Construction Svcs., Inc.*, No. 6:04-CV-1368, 2006 WL 1804589,

       *1 (M.D. Fla. 2006).

5. The court has authority to manage the process of joining multiple parties "in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the F.R.C.P." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). It is also in the court's sole discretion to certify a class under the FLSA. *Id*. at 169.

6. If the FLSA class is not certified, under the opt-in provision of the FLSA, new party plaintiffs could join at any time in the lawsuit, extending the discovery process with each new addition, wasting judicial resources, and postponing relief indefinitely. *Id*. at 170; 29 U.S.C. §218(b).

7. In the instant case, any class the Plaintiff is seeking relief for under the FLSA must be properly identified in the complaint for subsequent class certification.

8. Albeit, the Plaintiff's *Complaint* is not clear in its identification of a class or as to whether the Plaintiff is seeking relief for himself or on the behalf of a class. The style of the case names the Plaintiff as "ORLANDO SARTI" which out naming "others similarly situated" as potential plaintiffs, therefore, the *Complaint* was presumably filed to recover damages for the Plaintiff alone. However, the text of the *Complaint* does allege the existence of others similarly situated and requests relief for those undetermined persons. In light of same, the *Complaint* patently contradicted itself by being filed on behalf of and naming only one Plaintiff but seeking relief for other non-identified individuals.

9. Accordingly, Count I of the *Complaint* should be dismissed for failure to state a cause of action for which relief may be granted in that the Complaint attempts to assert class relief for a class that has not been properly identified or named as "others similarly situated."

## COUNT II - CONVERSION

10. Count II of Plaintiff's *Complaint* purports to seek damages for himself based of the Defendants' alleged conversion of unpaid overtime wages.

11. In order to state a cause of action for conversion, one must allege that defendant engaged in an unauthorized act, which deprives plaintiff of his property permanently for an indefinite time, and the deprivation is inconsistent with defendant's ownership interest in the property. *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F.Supp. 2d 1271, 1294 (S.D. Fla. 2001). *See also, Thomas v. Hertz Corporation*, 890 So.2d 448, 449 (Fla. 3d DCA 2004), *citing Warshall v. Price*, 629 So.2d 903 (Fla. 4th DCA 1993) (one must allege that defendant exercised an "'act of dominion wrongfully asserted over another's property inconsistent with his ownership interest therein.'").

12. Here, Plaintiff fails to allege even a single element for conversion. Instead, Plaintiff merely sets forth a conclusory statement without factual support.

13. Accordingly, Count II of the *Complaint* should be dismissed for failure to state a cause of action for which relief may be granted.

**WHEREFORE,** the Defendants respectfully request this honorable Court enter an Order dismissing both Counts I and II of the *Complaint* due to Plaintiff's failure to state a cause of action for which relief may be granted.

Dated this 19th day of February, 2009.

>Respectfully Submitted,
>Stratton & Feinstein, P.A.
>Attorney for Defendants
>407 Lincoln Road, Suite 2A
>Miami Beach, FL 33139
>305-672-7772
>305-672-1038 fax
>Brett@StrattonFeinstein.com
>_____/s/_____
>Brett Feinstein, Esq.
>Florida Bar No. 953120

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered to Alexis Gonzalez, Esq. of 9755 SW 40th Terrace, Miami, FL 33165 via the Clerk's CM/EFC electronic delivery system   to alexis@aglawpa.com this 19th day of February, 2009.

    _____/s/_____
    Brett Feinstein, Esq.
    Florida Bar No. 953120