UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-20357-CIV-MARTINEZ/BROWN

ORLANDO SARTI,

    Plaintiff,

vs.

PROTECTIVE SERVICES, INC., a Florida
Corporation, ARCHIBALDO AROSEMENA,
and ALEYDA BARNFIELD, individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on the Motion to Dismiss filed by Defendants Protective Services, Inc., Archibaldo Arosemena, and Aleyda Barnfield. (D.E. 5). Plaintiff Orlando Sarti ("Plaintiff") has not filed a Response to Defendants' Motion, which "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L. R. 7.1(C). However, this Court has reviewed the merits of Defendants' Motion and recommends that the motion be granted in part and denied in part.

Facts and Discussion

Plaintiff seeks to recover money damages for overtime wages (Count I) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201-219, and conversion (Count II). Defendants Protective Services, Inc., ("Employer"), Archibaldo Arosemena and Aleyda Barnfield ("Employers") properly removed the case to this Court pursuant to 28 U.S.C. § §1441 and 1446. Hence, jurisdiction is properly conferred upon this Court.

1

## Class Certification

In his Complaint, Plaintiff alleges that the present action is also being brought by "those similarly-situated to recover from the Employer unpaid overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees..." (Compl. ¶ 5.) Defendants seek to dismiss Plaintiff's Complaint on the grounds that Plaintiff failed to properly certify a class under the FLSA. However, the Court may not decertify a class at the Complaint stage. See generally Simpkins v. Pulte Home Corp., No. 6:08-CV-130, 2008 WL 3927275 (M.D. Fla. Aug. 21, 2008). First, the Plaintiff must file a motion to conditionally certify a class and provide notice to similarly situated employees. See id. After Plaintiff files his motion to conditionally certify a class, then the Defendant may Respond with arguments aiming to deny Plaintiff's motion. See id.

Accordingly, this Court recommends that Defendants' Motion to Dismiss Plaintiff's class allegations be denied.

## Plaintiff's Claims Against Defendants for Overtime Wages (Count I)

In order for Plaintiff to prevail on his claim for overtime wages, he must prove that he suffered or was permitted to work without compensation[1]. See Allen, 495 F.3d at 1314. Courts have interpreted this to mean that a FLSA plaintiff must demonstrate (1) he worked overtime without compensation and (2) the employer knew or should have known of the overtime work. See id. at 1314-15.

Plaintiff has satisfied the first criteria, in that Plaintiff alleges that he worked more than the

---

[1] The Code of Federal Regulations ("C.F.R.") has interpreted the "suffer or permit to work" requirement to mean that "an employer violates the FLSA when it 'knows or has reason to believe that he is continuing to work and the time is working time.'" Allen v. Bd. of Pub. Educ. for Bibb County, 495 F.3d 1306, 1315 (11th Cir. 2007) (citing 29 C.F.R. §785.11)); see also, Reich v. Dep't of Conservation & Natural Resources, 28 F.3d 1076, 1081-82 (11th Cir. 1994).

40 maximum hours and did not receive compensation for his overtime work. The second criteria requires the Plaintiff to demonstrate that the employer knew or should have known of Plaintiff's overtime work. In his Complaint, Plaintiff alleges that Employers, Archibaldo Arosemena and Aleyda Barnfield, were "directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff..." (Compl. ¶ 8.) In addition, Plaintiff alleges that Employers had "operational control over the Defendant corporation..." and that "Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime compensation..." (Compl. ¶ 8, 17.) Thus, Plaintiff has satisfied the second criteria.

Accordingly, this Court recommends that Defendants' Motion to Dismiss Plaintiff's claim for overtime wages be denied.

### Plaintiff's Claims Against Defendants for Conversion (Count II)

Conversion is defined as "[a]n act of dominion wrongfully asserted over another's property inconsistent with his ownership therein. In essence, conversion is an unauthorized act that deprives another of his property permanently or for an indefinite time." Del Monte Fresh Produce Co. v. Dole Food Co., 136 F.Supp. 2d 1271, 1294 (S.D. Fla. 2001). The elements of a conversion claim in Florida are: "(1) act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." Id.

Plaintiff alleges that "Defendants generated profits as a result of Plaintiff's services." (Compl. ¶ 20.) Moreover, Plaintiff claims that "Defendants failed to pay Plaintiff any overtime pay at his applicable overtime rate; thereby converting the subject funds for its own use and that of Defendants..." (Compl. ¶ 21.)

In fact, Plaintiff alleges that Defendant never compensated him for overtime wages. "A debt

which may be discharged by the payment of money in general cannot form the basis of a claim for conversion." Rosen v. Marlin, 486 So. 2d 623, 625 (Fla. 3d DCA). Moreover, "a mere obligation to pay money, generally, may not be enforced by a conversion action." Advanced Surgical Technologies, Inc. v. Automated Instruments, Inc., 777 F.2d 1504, 1507 (11th Cir. 1985); see also, In re: Wal-Mart Wage & hour Empl. Practices Litig., 490 F. Supp. 2d 1091, 1102 (D. Nev. 2007) (holding that Delaware law would not recognize claim for conversion based on unpaid wages). Under Florida law, money may be converted "so long as it consists of specific money capable of identification." Id. (quoting Belford Trucking Co. v. Zagar, 243 So. 2d 646, 648 (Fla. 4th DCA)). In the present case, Plaintiff alleges that Defendants owe him overtime wages, which may be considered as a debt owed by Defendants that can be discharged by the payment of money. Additionally, Plaintiff's overtime wages are not specifically identifiable funds but represent a general indebtedness. Therefore, Plaintiff lacks the basis for a proper conversion claim.

Accordingly, this Court recommends that Defendants' Motion to Dismiss Plaintiff's conversion claim be granted.

### Recommendation

Based on the foregoing, this Court respectfully recommends that this motion be **GRANTED** in part, as to Count II, and **DENIED** in part, as to the class allegations and Count I.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District Court of Florida.

Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of April, 2009.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    counsel of record